# 1

1

# U.S. DISTRICT COURT
# FOR THE WESTERN DISTRICT OF STATE OF MICHIGAN:
# SOUTHERN DIVISION

**DAVID JOHN SLOUGH**                    Case No._____

Plaintiff,

-V-

**THE MICHIGAN DEPARTMENT OF CORRECTIONS**

**HEIDI WASHINGTON**

**DEREK HOFBAUER**

Defendants.

_____/

## COMPLAINT AND REQUEST FOR DECLARATORY & INJUNCTION RELIEF

I. The Parties to this complaint
   A. The Plaintiff
      **DAVID JOHN SLOUGH**
      P.O. BOX 161
      CHARLEVOIX, MI 49720
      231-237-4437
      DAVIDJOHNSLOUGHEL@GMAIL.COM

   B. The Defendants
      **MICHIGAN DEPARTMENT OF CORRECTIONS(MDOC)**
      Grandview Plaza
      206 E. Michigan Ave.
      P.O. Box 30003
      Lansing, MI 48909

**HEIDI WASHINGTON-DIRECTOR MDOC**
Grandview Plaza
206 E. Michigan Ave.
P.O. Box 30003
Lansing, MI 48909

**DEREK HOFBAUER- COUNTY OF CHARLEVOIX, FIELD AGENT**
301 State Street
Charlevoix, MI 49720

II.  Basis For Jurisdiction
   A. FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331 ( Claims arising under the U.S. Constitution).
28 U.S.C. § 1343 (claims arising under civil rights violations).
This Cause of Action under the 13th Amendment; 5th Amendment; 14th Amendment & Title 42 U.S.C. §§ 1983, 1985, 1988;
Venue lies in the Western District in the State of Michigan. The Constitutional Rights Violations, Civil Rights Violations & Contract fraud occurred in the Western Districts' jurisdiction, County of Charlevoix & County of Ingham; Both Counties located in the Western Districts venue; Supplemental jurisdiction over related state-law "contract" and equitable claims is proper under Title 28 U.S.C. § 1367 (a), as the "form part of the same controversy" as the Federal claims. Declaratory relief is also authorized by Title 28 U.S.C. §§ 2201-02, where an actual controversy exists regarding the validity of the Probation Agreement. Plaintiff thus seeks a declaration that no valid contract exists and a permanent injunction barring Defendants from enforcing its terms on the Living Man Beneficiary.

Parties
Plaintiff is David-John, Beneficiary to the *Sole Proprietor*-DAVID JOHN SLOUGH. DAVID JOHN SLOUGH is a State of Michigan Resident w/DBA in the County of Charlevoix; David-John is a state union citizen, as per Article IV, Section 2 articulates in our U.S. Constitution.

Defendants include the Michigan Department of Corrections ("MDOC") and its' Agents: Heidi Washington & Derek Hofbauer. Defendants acted under color of law, State of Michigan colorable, this court may enjoin State Officials under *EXPARTE YOUNG*, because enforcing a facially unconstitutional agreement is an "illegal act" outside the State of Michigans' authority. In *EXPARTE YOUNG*, The Supreme Court held that "the attempt of a State Officer to enforce an

3

<u>unconstitutional statute is an illegal act, and the officer is stripped of his official character", permitting injunctive relief.</u>
Defendant here are sued in their Official Capacities for prospective declaratory and injunctive relief.

III.  Statement of Claim

## FACTUAL ALLEGATIONS

1. Plaintiff David-John is the *Legal natural Living Man, the Beneficiary to the Sole Proprietor DBA name DAVID JOHN SLOUGH* to whom the County of Charlevoix MDOC Office is attempting to extort for Currency and community service labor, the Beneficiary David-John was forced to sign a probation "contractual" agreement under duress after being unlawfully detained on an unconstitutional search warrant causing his bond to be revoked and after multiple motions to reinstate bond in the 33rd Circuit Court Plaintiff David-John did accept a Plea Bargain. Plaintiff has repeatedly tried to receive full disclosure regarding the legality of the contract. Since March 1st, 2024 Plaintiff has mailed multiple requests for full disclosure. First the MDOC & Heidi Washington did default on a Notice of Conditional Acceptance, giving the MDOC 21 days to answer the conditional acceptance questions and produce a valid, contractual agreement, signed by all the Parties required. Three follow up letters were mailed also by USPS Certified mail with proof of service. MDOC & Heidi Washington did receive the mailings and the mailings were signed for. Finally, the Final Notice to cease and desist was received and signed for. Plaintiff did a Freedom of Information Act (FOIA) request for copies of the Certified Mailings and a cop of the Original Probation Agreement but the MDOC did deny this FOIA, denying full disclosure.

2. Continued expectations by the County of Charlevoix MDOC Office and the Agent Derek Hofbauer to demand performance for a contractual obligation that does not meet the maxims of a legal & valid contract has caused great distress, exaggerated the duress and continues to cause irreparable harm to the peace and mental well being of the Plaintiff, the continued denial to produce a copy of the signed probation contractual agreement is furthering the interference of Plaintiffs pursuit of happiness and deprivation of Liberty, absent proper due process or a valid legal basis. This fraud has caused and continuing to cause irreparable harm.

## COUNT I.-42 U.S.C. § 1983 13TH AMENDMENT; INVOLUNTARY SERVITUDE

Plaintiff incorporates all preceding paragraphs. Under color of Michigan law, Defendants have sought to force Plaintiff into the service of MDOC (and indirectly the State) on terms dictated by the Void *Ab Initio* probation "contract". The 13th

Amendment commends that " neither slavery nor involuntary servitude, except as a punishment for crime wherefor the party has been duly convicted, shall exist" in the United States. By State action (treating the nonconsensual, considerationless probation agreement as binding), Defendants are compelling Plaintiff to perform duties against his will without a duly adjudicated conviction. This constitutes involuntary servitude in violation of the 13th Amendment for the U.S. Constitution. Here Defendants' enforcement of the contract threatens jail or other sanctions unless the Plaintiff "serves" by complying with probation conditions never proven to be legal by a properly signed contract, possessing all of the maxims of contract law, meeting of the minds, full disclosure, absent frauds or deception. Such compulsion is akin to peonage and is expressly forbidden unless as as criminal punishment after a proper conviction (which is absent here). Even if viewed as a criminally imposed condition, any imprisonment or control must comply with due process and constitutional limits. The contracts invalidity *Ab Initio, nunc pro tunc -Plaintiff is being punished without having been "duly convicted" by a competent tribunal, further triggering 13th Amendment protections.* By compelling Plaintiffs' services under void authority, Defendants have deprived him his 13th Amendment right to freedom from involuntary servitude.

**WHEREFORE PLAINTIFF SEEKS INJUNCTIVE/DECLARATORY RELIEF FOR COUNT I:**

Plaintiff is entitled to a declaration that the Probation Agreement is not a lawful bases for compulsion, and a permanent injunction preventing Defendants from enforcing it or imposing reporting requirements thereunder. Under *EXPARTE YOUNG,* injunctive relief is appropriate whenever a state officer enforces an unconstitutional measure. Defendants act of enforcing a void agreement is "an illegal act" and subjects them personally to the constitutional consequences. Accordingly, this Court should enjoin the Defendant from executing or effecting any obligations under the non-existent contract.

**COUNT II. 42 U.S.C. § 1983 5TH AMENDMENT; TAKINGS**

Plaintiff incorporates all preceding paragraphs. The 5th Amendment Takings Clause, applicable to the States via the 14th Amendment, provides that private property shall not be taken for public use without just compensation. Here, the Plaintiff Liberty and Labor have effectively been "taken" by the State without any compensation or legal justification. Forcing the Beneficiary a Living Man to forfeit liberty interests (freedom of movements, autonomy, etc.) to serve conditions imposed by an invalid contract is the functional equivalent of taking property(rights are property; ones personhood and labor also) by the State. Depriving the Plaintiff of his autonomy and physical liberty without any lawful cause or compensation violates due process and taking principles. No compensation was paid, and no legitimate criminal punishment

was lawfully adjudicated. This constitutes a 5th Amendment taking of Plaintiffs' Liberty interests without just compensation.

**WHEREFORE PLAINTIFF DEMANDS DECLARATORY/INJUNCTIVE RELIEF FOR COUNT II:**

Plaintiff is entitled to relief to bar Defendants from continuing de facto taking of his Person, nor attempting to form joinder between the Sole proprietor DBA: DAVID JOHN SLOUGH & the Agent/Beneficiary David-John; David-John Native Michiganain does have unrebutted affidavit declaring he the Beneficiary is not the Surety for DAVID JOHN SLOUGH. This Court should permanently enjoin an further enforcement of probation terms that effectively enslave the Plaintiffs' labor and liberty. If any condition (such as community service or extensive supervision or monetary obligations) is construed as "work", compensatory relief is required, which Defendants have neither provided nor sought. The total absence of compensation or lawful basis renders the States' action unconstitutional.

### COUNT III.-42 U.S.C. § 1983 14TH AMENDMENT; DUE PROCESS, SUBSTANTIVE & PROCEDURAL

Plaintiff incorporates all preceding paragraphs. The 14th Amendment prohibits any state from depriving "any person of life, liberty or property without due process of law". Here, Defendants have deprived the Plaintiff of his liberty interest in freedom from unjust legal constraint, without the "due process of law" that the Constitution (supreme law of the land) demands.

- **Procedural Due Process:** Plaintiff had a protected liberty interest in not being subjected to probation reporting requirements absent a valid conviction and proper judicial process. Defendants offered no hearing or fair opportunity to contest the validity of the contract or to even present a legal and valid contract signed by all pertinent parties.
- **Substantive Due Process:** The States arbitrary enforcement of an alleged contract executed under duress and without consideration shocks the conscience and offends fundamental notions of fairness. When the Government exercises coercive power (depriving a Living Man of Liberty) it must do so under Law, not under the guise of a private contract with a private corporation, with no mutual assent. Michigan law (like all state law) requires a meeting of the minds and valid consideration for contract formation; here NONE existed. Thus the purported contractual obligation is void ab initio, nunc pro tunc. And any attempt at enforcement is an arbitrary exercise of State power. Substantive due process protects against such unfair, conscience shocking deprivations. By attempting to bind the Plaintiff to nonexistent contractual obligations, Defendants have denied him substantive due process.

6

### WHEREFORE PLAINTIFF REQUIRES THIS COURT VOID THE FRAUDULENT CONTRACT FOR RELIEF IN REGARDS TO COUNT III:

Plaintiff does seek for this Court to declare that no Lawful process underlines the probation terms, MDOC does not have the legal capacity to contract with the Living Man, Beneficiary David-John, he shall not be held as any Surety, he has NEVER consented to the contractual agreement, agreement fails to meet the Maxims of a legal contract. We do seek an enjoinder towards any enforcement of the probation contract and the terms listed in said contractual agreement. The Due Process clause mandates that deprivation of liberty not be "arbitrary", and here arbitrary state action has caused real, irreparable harm. The Court should grant a permanent injunction preventing state officers from enforcing any condition of the probation contract due to fraud; fraud vitiates all contracts to the inception.

7

## Count IV – 42 U.S.C. § 1983; Equal Protection

Plaintiff incorporates all preceding paragraphs. Defendants' enforcement of the void contract violates the Equal Protection Clause by irrationally singling Plaintiff out for the onerous conditions despite the contract's fatal defects. No legitimate state interest justifies selectively binding Plaintiff to an agreement that others with similar circumstances would never be held to, especially when essential legal formalities were ignored. If Defendants contend the probation contract is valid for some but not for Plaintiff, this disparate treatment is arbitrary and discriminatory. Even absent a protected class, denial of equal application of state procedures can violate equal protection. The Court may find that Plaintiff is being treated differently than similarly-situated probationers whose agreements were properly executed, thereby denying him equal protection under color of law.

## Count V – 42 U.S.C. § 1985; CIVIL CONSPIRACY TO DEPRIVE RIGHTS

Civil Conspiracy to Deprive Rights. Plaintiff incorporates all preceding paragraphs. In the alternative, Plaintiff alleges that MDOC officials conspired with the state judge and prosecutor (and any other state actors) to deprive him of his constitutional rights by knowingly enforcing a void probation agreement. 42 U.S.C. § 1985(3) prohibits conspiracies to deprive any person of the equal protection or privileges of the law. By agreement or concerted action among Defendants, Plaintiff was forced to waive rights and assume burdens without constitutional authority, and no judicial officer has intervened to correct this. Such a conspiracy to enforce an unconstitutional agreement violates Plaintiff's rights under the Thirteenth, Fifth and Fourteenth Amendments. Though § 1985 is most often asserted under race/class animus, it also reaches conspiracies among state actors to deprive civil rights. Here, the participants in the criminal-justice process colluded to bind Plaintiff to an illegal contract, depriving him of due process and equal protection. Plaintiff is thus entitled to relief under 42 U.S.C. § 1985.

8

## Count VI – Declaratory and Injunctive Relief :28 U.S.C. §§ 2201–2202

. Plaintiff incorporates all preceding paragraphs. Under the Declaratory Judgment Act (28 U.S.C. §§ 2201–2202), this Court is empowered to determine rights and legal relations of the parties. An actual controversy exists regarding the enforceability of the "probation contract" and the constitutionality of the continuing reporting requirements. Accordingly, Plaintiff seeks a declaratory judgment that (a) no valid contract or judicial order binds him, (b) he has no obligation to comply with any terms purportedly imposed by the void agreement, and (c) Defendants' acts are unlawful under the Constitution and laws. The Court should also issue a permanent injunction enjoining Defendants from enforcing the contract or reporting requirements and from taking any adverse action against Plaintiff based on the void contract.

## Count VII – State Contract and Equitable Claims

. Plaintiff incorporates all preceding paragraphs. In the alternative or in addition, Plaintiff states claims under Michigan law, asserted pursuant to supplemental jurisdiction (28 U.S.C.§ 1367) The Probation Agreement is void or voidable for lack of consideration, duress, mistake, and failure to satisfy statutory/formal requirements. Plaintiff has tendered a novation, effectively discharging the void contract. MDOC's continued insistence on enforcement constitutes breach of contract and unjust enrichment. Plaintiff therefore seeks rescission or declaratory relief under state law, return of any benefits improperly exacted, and any other relief available (e.g. restitution, cancellation of any liens or penalties arising from the void agreement). These claims arise from the same operative facts as the federal causes of action and are appropriate for adjudication by this Court.

**Damages and Fees:** Plaintiff is harmed by Defendants' actions through ongoing deprivation of liberty and emotional and economic injury. In addition to equitable relief, Plaintiff seeks nominal and compensatory damages for the deprivations suffered under 42 U.S.C. §§ 1983 and 1985. Because Plaintiff's federal civil rights have been violated, he is entitled to recover attorney's fees pursuant to 42 U.S.C. § 1988, and any other prevailing-party costs and interest.

**Prayer for Relief; WHEREFORE**

Plaintiff respectfully requests that the Court: (1) assume jurisdiction and venue; (2) declare that the Probation Agreement (and related judicial orders) are null, void, and unenforceable; (3) declare that Defendants' enforcement of the agreement violates the Thirteenth, Fifth and Fourteenth Amendments (and any other applicable law); (4) permanently enjoin Defendants and their agents from enforcing or giving effect to the probation contract or requiring Plaintiff to report or perform any conditions arising therefrom; (5) award Plaintiff damages (nominal, compensatory and punitive as appropriate); (6) award costs and attorney's fees under 42 U.S.C. § 1988; and (7) grant any other relief the Court deems just and proper.

## IV. Irreparable Injury

The continued and prolonged stress and duress of being deceived to report without having ever seen a valid contractual obligation is contributing to increased PTSD, severe anxiety effecting the Plaintiffs' Ministry, Job performance and creating and building a new business enterprise. The unknown of the County of Charlevoix Tribunal and Probation Department retribution does effect the pursuit of liberty and happiness each and every day, the Plaintiff only wanted to clarify the details of a probation contract and has been denied the most basic disclosure. The continued stress, duress and fear of retribution can only be remedied through an Injunction & Declaratory relief. At this point now the compensation sought after for reporting is quashed by the failure to ever return correspondence and prove the probation contractual agreement. We do pray for relief through this Courts Authority to cease and desist the MDOC & its' Agents from unlawfully harassing Plaintiff.

## V. Relief

**Plaintiff seeks "Post conviction" relief of the fraudulent probation contractual agreement, "cease and desist" for the Michigan Department of Corrections coercive actions & reporting obligations, requiring the Beneficiary David-John to perform for the Principal DAVID JOHN SLOUGH, under duress and for the Michigan Department of Corrections and the County of Charlevoix Agent to MDOC to stop using intimidating practices to try to collect on an invalid debt. We pray for IMMEDIATE Temporary restraining order to :cease & desist" intimidating the Beneficiary who the MDOC has no jurisdiction over. But continues to require reporting duties.**

## VI. Conclusion and closing

Under the Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint (1) is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing Law or by a nonfrivolous argument for extending, modifying, or reversing existing Law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Date of signing 04 /28 /2025

*[signature]* -Native Michiganian

10

David-John, Beneficiary to DAVID JOHN SLOUGH