UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID JOHN SLOUGH, et al.,

    Plaintiffs,

v.

CHARLEVOIX COUNTY SHERIFF'S
DEPARTMENT, et al.,

    Defendants.
_____/

Case No. 1:25-cv-508

HON. JANE M. BECKERING

## OPINION AND ORDER

Pending before the Court in this case are Objections (ECF No. 15) to the Report and Recommendation of the Magistrate Judge (ECF No. 13).  For the following reasons, the Court denies the objections and issues this Opinion and Order.

### BACKGROUND

The circumstances of the decision now before the Court are as follows:

Plaintiffs David John Slough, Charity Lynn Slough, Dillon William Gallaty, Jacob Allen Homrich, Pual[1] Thomas Kauzlarich, Walter Joseph Rosenthal, and James Alexander King, proceeding pro se,[2] filed a document entitled "Complaint for Declaratory, Injunctive and Monetary Relief," referencing "42 U.S.C. §§ 1983/1985 and Other Laws" (ECF No. 1 ["Complaint"] at PageID.2).  Defendants are the Charlevoix County Sheriff's Office and eight individual

---

[1] The Court adopts the spelling used in the caption of the Complaint (ECF No. 1 at PageID.1).
[2] Though Plaintiff David John Slough quibbles in his Objections that Plaintiffs are proceeding in propria persona, that term is "legally equivalent to 'pro se.'" *United States v. Pryor*, 842 F.3d 441, 450 n.5 (6th Cir. 2016) (citing Black's Law Dictionary and observing that the terms were treated as equivalents by the Supreme Court in *Faretta v. California*, 422 U.S. 806 (1975)).

Defendants (identified as sheriffs, deputies, a prosecutor, a Magistrate, and a clerk/notary) sued in their "private capacities" (*id.* at PageID.3–5). Plaintiffs claim Defendants violated the First, Fourth, and Fourteenth Amendments of the United States Constitution, maliciously prosecuted Plaintiff David John Slough, committed specified state torts, and conspired to violate Plaintiffs' civil rights by conducting certain searches, seizures, arrests, investigations, and prosecutions (ECF No. 1 at PageID.26–36). Plaintiffs seek injunctive relief—including that Defendants be enjoined from continuing any malicious prosecution, be ordered to issue a public apology, and be ordered to return property held as "evidence"—as well as compensatory and punitive damages (*id.* at PageID.35–36). The Complaint focuses on the rights of Plaintiff David John Slough.

On the front page of the Complaint, Plaintiffs wrote that they "demand a[n] … order for removal" of a Michigan Court of Appeals case "under the title 28 U.S.C. § 1443(2)," purportedly on the grounds that "execution of the search warrant created a federal question" (*id.* at PageID.1). Presumably as a result of this language, the instant case appears in the Court's electronic docket as if it were a removed state criminal case, with Plaintiffs' names appearing in the electronic caption as Defendants and Defendants' names appearing in the electronic caption as Plaintiffs.

A second document, which was apparently mailed to the Court in the same envelope as the aforementioned Complaint (*see* ECF No. 1 at PageID.45 (scan of a single envelope)), is entitled "Complaint and Request for Declaratory & Injunctive Relief" (ECF No. 1-1 ["second document"]). This document identifies a sole Plaintiff, David John Slough, and three additional Defendants: the Michigan Department of Corrections ("MDOC"), MDOC Director Heidi Washington, and a County of Charlevoix Field Agent (ECF No. 1-1 at PageID.47–48). In the second document, Plaintiff David John Slough alleges that these Defendants also violated his

2

rights and he seeks various forms of relief, including that the Court declare that the terms of his probation are unenforceable (ECF No. 1-1 at PageID.54).

Plaintiffs also filed pro se applications for electronic filing and service, with Plaintiff David John Slough writing the case caption on his application as "David John Slough" versus "MI Dept of Corrections, Et al" (ECF No. 3) and all other Plaintiffs identifying the Defendants in the case captions on their applications as "Charlevoix County Sheriff's Office, et al" (ECF Nos. 4–9).

Despite the indicia that Plaintiff David John Slough attempted to file two lawsuits via one envelope, the second document (identifying the MDOC and other Defendants) was treated, for the purposes of the Court's docket, as a continuation of the instant Complaint (identifying the Charlevoix County Sheriff's Office and other Defendants). Therefore, Defendants listed in both documents appear together on the Court's electronic docket. The Magistrate Judge analyzed both documents together in the Report and Recommendation (ECF No. 13 at PageID.93–94), and, importantly, no Plaintiff has objected to this approach.

Plaintiff David John Slough also filed an application to proceed without prepaying fees or costs, listing the case caption as "David John Slough" versus "MI Dept of Corrections, Et al" (ECF No. 2). No ruling has been made on this application. Plaintiff David John Slough also apparently sent a money order with the filing fee (ECF No. 11-1 at PageID.89), but the Clerk of Court returned the filing fee to him on the grounds that there "is no cost to seek removal of a criminal case" (*id.* at PageID.88).

The Court referred this case to the Magistrate Judge. On May 20, 2025, the Magistrate Judge issued a Report and Recommendation.[3] The Magistrate Judge recommends that the Court

---

[3] Though the Magistrate Judge did not explain his source of authority for recommending *sua sponte* dismissal, federal courts may raise abstention pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) on their own motion. *O'Neill v. Coughlan*, 511 F.3d 638, 641 (6th Cir. 2008). *Younger* abstention

either dismiss the entire complaint for lack of subject matter jurisdiction or, alternatively, that the Court dismiss David John Solugh's claims and the remaining Plaintiffs' claims separately (R&R, ECF No. 13 at PageID.100–101). In either event, the Magistrate Judge did not expressly indicate whether he recommends dismissal of any claims with prejudice.

Generally, when a case is properly removed, service on Defendants is presumed to have been executed through the filing of the notice of removal. In this case, however, that presumption was apparently unfounded. Now appearing in the docket are waivers of service from the nine Defendants to the Complaint (ECF Nos. 18–26). On July 24, 2025, these Defendants filed an Answer (ECF No. 27). In response to Plaintiffs' jurisdictional allegations, Defendants assert that "[p]ursuant to the Magistrate's Report and Recommendation this Court lacks or should refrain from exercising jurisdiction pursuant to the *Younger* doctrine" (ECF No. 27 at PageID.153).

The matter is presently before the Court on Plaintiff David John Slough's Objections to the Report and Recommendation (ECF Nos. 15, 17). Though the Objections refer to Plaintiffs in the plural throughout, only David John Slough signed the document (*ibid*). Therefore, the Court refers to the author of the Objections in the singular, as "Plaintiff."

With that context stated, the Court proceeds to consider the Objections.

## ANALYSIS

A district court judge reviews de novo the portions of the Report and Recommendation to which objections have been made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). Only those objections that are specific are entitled to de novo review under the statute. *Mira v. Marshall,* 806

---

is the primary basis for the Magistrate Judge's recommendation. Moreover, Plaintiffs' Complaint appears in the docket as a "Notice of Removal" of a state criminal case. As the Magistrate Judge correctly noted, the "United States district court in which such notice is filed shall examine the notice promptly" to determine whether remand is appropriate. 28 U.S.C. § 1455(b)(4).

F.2d 636, 637 (6th Cir. 1986) (per curiam); W.D. Mich. LCivR 72.3(b) ("objections … shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections").  An objection which is not "clear enough to enable the district court to discern those issues that are dispositive and contentious" is insufficient to facilitate review of the magistrate judge's report.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  In addition, in a conspicuous paragraph on the final page of the Report and Recommendation, which was mailed to each Plaintiff, the Magistrate Judge informed Plaintiffs that "[f]ailure to file timely objections may constitute a waiver of any further right of appeal" (ECF No. 13 at PageID.101, citing *United States v. Walters*, 628 F.2d 947 (6th Cir. 1981), and *Thomas v. Arn*, 474 U.S. 140 (1985)).

Having reviewed the Objections in accordance with this standard and having thoroughly considered all of the filings in this case, the Court concludes that the Objections are properly rejected and this case properly dismissed without prejudice.  As a threshold matter, Plaintiffs raised no objections to (1) the analysis of the two documents from the initial envelope as one Complaint; or (2) the dismissal without prejudice of all but David John Slough's claims.  Instead, Plaintiff David John Slough makes the following three objections.

***First***, Plaintiff makes several "objections to [the] introduction" of the Report and Recommendation (ECF No. 15 at PageID.103–104).  None of these objections have any bearing on the legal conclusion of the Magistrate Judge, and accordingly, they lack merit.[4]

---

[4] Contrary to one of Plaintiff's objections in this section, the Magistrate Judge did not exercise jurisdiction over this case pursuant to 28 U.S.C. § 636(c).  Rather, the Magistrate Judge issued a Report and Recommendation on the disposition of this case to which Plaintiff filed objections for the Court's review, consistent with 28 U.S.C. § 636(b).

*Second*, Plaintiff argues that this case "meets the 'Younger' exemption; due to extreme, extenuating & extraordinary circumstances" (ECF No. 15 at PageID.105–108). Here, despite the reference to *Younger*, Plaintiff actually appears to be objecting to the Magistrate Judge's observation that, to the extent this action is an attempt to remove a criminal prosecution from state court, the procedural requirements of 28 U.S.C. § 1455 were not followed (R&R, ECF No. 13 at PageID.96). Plaintiff's argument is that "extreme and extraordinary extenuating circumstances" prevented him and the other Plaintiffs from removing the state criminal prosecution in a procedurally proper manner—specifically, Plaintiff "was being unlawfully detained for 86 days in the Charlevoix County Jail" (ECF No. 15 at PageID.105).

Even assuming Plaintiff has demonstrated good cause to excuse procedural deficiencies, however, Plaintiff cannot remove the state court criminal prosecution because he has not alleged that he is a federal official nor has he alleged that his prosecution falls under the ambit of 28 U.S.C. § 1443 (*see* R&R, ECF No. 13 at PageID.95–96 (quoting § 1443)). Under § 1443, a defendant attempting to remove a criminal action must meet two conditions. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). First, the defendant must demonstrate that he or she has been denied a civil right that arises under federal law and that the specific civil right protects racial equality. *Id.* (citation omitted). Second, the defendant must demonstrate that the specified federal right has been denied or cannot be enforced in the state court. *Id.* Plaintiffs' pleadings do not indicate that any Plaintiff has been deprived of civil rights that protect racial equality. Therefore, the Magistrate Judge correctly concluded that Plaintiffs have not satisfied the requirements for removal of a state criminal proceeding to federal court, to the extent they seek to do so.

*Third*, Plaintiff objects to the Magistrate Judge's conclusion that the Court should abstain from exercising jurisdiction in this case pursuant to the abstention doctrine from the Supreme

6

Court's decision in *Younger v. Harris*, 401 U.S. 37, 43 (1971).  Plaintiff does not object to the Magistrate Judge's conclusion that the three factors supporting *Younger* abstention are present in this case.  Rather, Plaintiff argues that this case falls within one of the recognized exceptions to the *Younger* abstention doctrine (ECF No. 15 at PageID.108–109).  It does not.  The Complaint alleges that state actions connected with the investigation, prosecution, and probation of Plaintiff (and others) violated or are currently violating his federal constitutional rights (and those of others).[5]  Plaintiff can raise these constitutional issues in his state court proceedings.  *Foster v. Kassulke*, 898 F.2d 1144, 1146 (6th Cir. 1990).  As the Supreme Court noted long ago, the state courts are co-equal guardians of federal constitutional rights.  *Martin v. Hunter's Lessee,* 14 U.S. 304, 341–44 (1816).

For these reasons, Plaintiff's arguments fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.  Where, as here, the Complaint seeks both equitable and legal relief and the Court abstains under *Younger*, dismissal without prejudice is appropriate for all claims.  *See Schwab v. Wyoming Police Dep't*, 2020 WL 3603283, at *7–8 (W.D. Mich. July 2, 2020) (noting that dismissal without prejudice is an option when both equitable and legal relief is sought but deciding to stay pending final resolution of the criminal prosecution).  Though the Magistrate Judge alluded that Plaintiffs may be misjoined, the Magistrate Judge did not engage in a thorough joinder analysis.  In any event, a joinder analysis is not required where, as here, all Plaintiffs' claims are properly dismissed without prejudice—David John Slough's claims on the

---

[5] The Court reiterates that Plaintiff did not object to the screening of both pleading documents together.  Even if he did, either *Younger* abstention or the *Heck* bar applies to the second document as well.  Plaintiff does not object to the Magistrate Judge's correct conclusion that the rule articulated in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) bars any challenges that would undermine his state criminal conviction unless and until it has been invalidated on direct or collateral review.

7

grounds that his objections to the Report and Recommendation lack merit, and the other Plaintiffs claims on the grounds that they did not object at all.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 15) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 13) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Complaint (ECF No. 1), including the second document docketed at ECF No. 1-1, is DISMISSED WITHOUT PREJUDICE.

A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

Dated: August 13, 2025               /s/ Jane M. Beckering
                                     JANE M. BECKERING
                                     United States District Judge